<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4774**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRICEIDA MITRE,

Defendant - Appellant.

———————

**No. 04-4964**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRICEIDA MITRE,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge.  (CR-03-327)

———————

Submitted:  May 11, 2005               Decided:  June 1, 2005

———————

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

———————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————————

John D. Brosnan, LAW OFFICE OF JOHN D. BROSNAN, Fairfax, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, G. David Hackney, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Briceida Mitre appeals her conviction and sentence for conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and conspiracy to import one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a), 963 (2000). The district court sentenced Mitre to 151 months in prison.

Mitre argues the district court erred when it allowed a co-conspirator to testify about a conversation she had with him while awaiting trial. We review the admission of alleged hearsay evidence for an abuse of discretion. See United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). If the statement is offered for some purpose other than to prove the truth of the assertion contained within the statement, it is not inadmissible hearsay. United States v. Pratt, 239 F.3d 640, 643-44 (4th Cir. 2001). Because we conclude the testimony was not admitted to prove the truth of the matter asserted, we conclude it was not hearsay.

Mitre next argues the district court erred when it permitted the Government to introduce testimony and documentary evidence about events that occurred after she stopped participating in the conspiracy. Because we conclude this evidence was relevant

and not unduly prejudicial, we conclude the district court did not abuse its discretion when it chose to admit it.  See United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003), cert. denied, 124 S. Ct. 1183 (2004); United States v. Zandi, 769 F.2d 229, 237 (4th Cir. 1985) (noting that trial court "has broad discretion in ruling on questions of relevancy and in balancing the probative value of relevant evidence against any undue prejudice.").

Mitre also challenges the district court's supplemental jury instruction.  Because Mitre did not object to the instruction at trial, we review for plain error.  See United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) ("[A]n appellate court may correct an error not brought to the attention of the trial court if (1) there is an error (2) that is plain and (3) that affects substantial rights.  If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (internal quotation marks and alteration omitted)).  Although the district court failed to inform the jury that Mitre could only be held responsible for the drug quantities of the other conspirators if they were reasonably foreseeable and in furtherance of the conspiracy, we conclude the error did not affect Mitre's substantial rights.  See United States v. Collins, 401 F.3d 212,

220 (4th Cir. 2005) (holding that the omission of such an instruction was not reversible error in light of evidence adduced at trial).

We conclude, however, that Mitre's sentence violated United States v. Booker, 125 S. Ct. 738 (2005). Accordingly, we vacate Mitre's sentence and remand for resentencing.[*] Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[*]Because Mitre objected in the district court to the mandatory application of the Sentencing Guidelines, she need not establish plain error on appeal to be entitled to resentencing. Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Mitre's sentencing.